IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| FRANKLIN H. WRIGHT,<br><br>　　　　　Plaintiff,<br>　　v.<br><br>U.S. INTERAGENCY COUNCIL ON HOMELESSNESS, et al.,<br><br>　　　　　Defendants.<br>_____/ | No. C 14-0353 RS<br><br>**ORDER GRANTING MOTION TO DISMISS WITH LEAVE TO AMEND** |

**I. INTRODUCTION**

*Pro se* plaintiff Mr. Franklin H. Wright alleges in his Complaint that defendants, U.S. Interagency Council on Homelessness; U.S. Social Security Administration; U.S. Department of Labor; U.S. Department of Education; U.S. Department of Health and Human Services; and U.S. Department of Justice, violated both 29 U.S.C. Section 2801(5) and 42 U.S.C. Section 1136(a)(b)(1)(A)(v), concerning provision of services to the homeless; and breached fiduciary duties owed to Mr. Wright. Defendants move to dismiss each of these claims.[1] For the reasons set forth

---

[1] Mr. Wright did not file a response opposing defendants' motion until August 29, 2014 (ECF No. 47), twenty-eight days past the deadline for timely filing, and three business days prior to the scheduled hearing. "Although we construe pleadings liberally in their favor, pro se litigants are bound by the rules of procedure." *Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995). This Court has nevertheless weighed the response's contents, and finds that it does not affect the analysis and

below, the Complaint fails to demonstrate that this Court has subject matter jurisdiction over any of Mr. Wright's claims. It furthermore fails to state a claim upon which relief may be granted. Accordingly, Mr. Wright's Complaint is dismissed with leave to amend. Pursuant to Civil Local Rule 7-1(b), plaintiff's motion set for September 4, 2014 is suitable for disposition without oral argument, and the hearing has been vacated.

## II.  LEGAL STANDARD

Federal courts are courts of limited jurisdiction. It is presumed that a cause lies outside this limited jurisdiction, and the party asserting jurisdiction, here Mr. Wright, bears the burden to establish the contrary. *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994) (citations omitted). Further, in a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1) of the Federal Rules of Civil Procedure, "no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." *Thornhill Pub. Co., Inc. v. General Tel. & Electrics, Corp.*, 594 F.2d 730, 733 (9th Cir. 1979) (internal quotation marks and citations omitted).

In addition, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). While "detailed factual allegations are not required," a complaint must have sufficient factual allegations to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (citing *Bell Atlantic v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible "when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* This standard asks for "more than a sheer possibility that a defendant acted unlawfully." *Id.* The determination is a context-specific task requiring the court "to draw on its judicial experience and common sense." *Id.* at 679.

A motion to dismiss a complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure tests the legal sufficiency of the claims alleged in the complaint. *See Parks Sch. of Bus., Inc. v.*

---

outcome of this Order, nor do the cases and exhibits of which Mr. Wright requests this Court to take judicial notice (ECF No. 48). Accordingly, Mr. Wright's motion for judicial notice is denied. Further, to the extent that Mr. Wright claims he has not received access to ECF, Mr. Wright has had this Court's permission to access ECF since August 6, 2014.

*Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995). Dismissal under Rule 12(b)(6) may be based on either the "lack of a cognizable legal theory" or on "the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). When evaluating such a motion, the court must accept all material allegations in the complaint as true, even if doubtful, and construe them in the light most favorable to the non-moving party. *Twombly*, 550 U.S. at 570. "[C]onclusory allegations of law and unwarranted inferences," however, "are insufficient to defeat a motion to dismiss for failure to state a claim." *Epstein v. Wash. Energy Co.*, 83 F.3d 1136, 1140 (9th Cir. 1996); *see also Twombly*, 550 U.S. at 555 ("threadbare recitals of the elements of the claim for relief, supported by mere conclusory statements," are not taken as true).

### III. DISCUSSION

Mr. Wright's Complaint fails to survive defendants' motion to dismiss first because it does not advance a valid basis for subject matter jurisdiction over either Mr. Wright's claims citing federal statutes, or his state-law claims that defendants' conduct breached fiduciary duties. "As a sovereign, the United States is immune from suit except to the extent that it has unequivocally consented to litigation against itself." *LaBarge v. Cnty. of Mariposa*, 798 F.2d 364, 366 (9th Cir. 1986). Litigants asserting jurisdiction bear the burden to demonstrate a clear waiver of immunity. *Baker v. United States*, 817 F.2d 560, 562 (9th Cir. 1987). Indeed, a mere assertion of federal question jurisdiction under 28 U.S.C. Section 1331 such as Mr. Wright's (*see* Compl. at 2) does not suffice to confer jurisdiction where the government has not waived its immunity. *Hughes v. United States*, 953 F.2d 531, 539 n.5 (9th Cir. 1992).

The Federal Tort Claims Act ("FTCA") offers the sole vehicle by which litigants may sue the federal government absent a waiver of immunity. It limits jurisdiction without a waiver over cases against the United States to those for damages pursuant to certain state-law tort claims, stating that "[t]he United States shall be liable . . . in the same manner and to the same extent as a private individual under like circumstances," 28 U.S.C. § 2674, specifically "when a private person would be liable under the law of the place where the act or omission causing the injury occurred." 28 U.S.C. § 1346(b). The FTCA thereby requires the Court "to analogize the government to a private

actor in a similar situation and apply state law to determine amenability to suit." *LaBarge*, 798 F.2d at 366.[2]

Mr. Wright does not aver that defendants, all agencies of the federal government, have waived their sovereign immunity. Nor, to the extent that he intends to sue in tort for breach of fiduciary duty, has he furnished any basis for jurisdiction absent a waiver under the FTCA. In addition, Mr. Wright fails to demonstrate that his tort claims fall outside exceptions to federal government tort liability, such as the safe harbor for "the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government, whether or not the discretion involved [was] abused." *See* 28 U.S.C. § 2680(a). And no evidence suggests that Mr. Wright timely submitted his tort claims to any of the defendant federal agencies "within two years after such claim[s] accrue[d]" or "within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented"—another prerequisite to stating a valid claim under the FTCA. 28 U.S.C. § 2401(b).

Moreover, the FTCA does not even provide the sort of remedy Mr. Wright seeks. His Complaint prays for extensive equitable relief, including accommodations and legal services; the creation of a task force; and various audits, in addition to attorney fees. (Compl. at 17). The FTCA, however, merely provides plaintiffs who prevail in tort with money damages. 28 U.S.C. §§ 1364(b), 2674. In fact, another court in this district found that claims seeking equitable relief are simply "not cognizable under the FTCA." *Peck v. Bessing*, No. 05-0960 SC, 2006 WL 213736, at *2 (N.D. Cal. Jan. 27, 2006). For all of these reasons, subject matter jurisdiction does not arise here over Mr. Wright's claims.

Mr. Wright's Complaint also fails because it does not state a claim upon which relief may be granted. Indeed, Mr. Wright has not proffered sufficient facts or plausible legal theories from which

---

[2] "Like circumstances," however, are not "identical circumstances." The FTCA does not require a claimant to point to a private person performing a governmental function. *Indian Towing Co. v. United States*, 350 U.S. 61, 64–65, (1955) (plaintiff suing the United States for negligent operation of lighthouse does not need to find a private person operating a lighthouse; all the plaintiff needs is an analogous situation where a private person undertakes to warn the public of danger, inducing reliance on this undertaking). *United States v. Olson*, for example, found an analogy between federal mine inspectors and private persons who are employed to conduct safety inspections as sufficient to state a claim under the FTCA. 546 U.S. 43, 47 (2005).

this Court could conclude that defendants violated federal law or breached any duties owed to Mr. Wright. His averments that defendants have contravened 29 U.S.C. Section 2801(5) and 42 U.S.C. Section 1136(a)(b)(1)(A)(v) (Compl. at 4, 14) are conjectural and conclusory.

To support defendants' alleged violation of Section 2801, Mr. Wright states that he "does not have an individual case plan that has been shared with him, which . . . breaches the implication of 29 U.S.C.[] § 2801(5)." (Compl. at 14). Yet Section 2801, which contains definitions pertinent to federal Workforce Investment Systems, in subsection (5) merely characterizes "case management" as the "provision of a client-centered approach in the delivery of services . . . to prepare and coordinate comprehensive employment plans . . . [for participants] . . .and . . . to provide job and career counseling during program participation and after job placement." 29 U.S.C. § 2801(5). Nowhere does the statute guarantee an "individual case plan" to those receiving services for homelessness or establish a private right of action to sue for one.

Mr. Wright's claim that defendants violated 42 U.S.C. Section 1136(a)(b)(1)(A)(v), which concerns criteria for selecting providers of services to the homeless to receive federal funds, is likewise baseless. The Complaint vaguely alleges Mr. Wright's dissatisfaction with services he has allegedly received from providers including Episcopal Community Services of San Francisco, Bay Area Legal Aid, Homeless Connect, General Assistance Advocacy Project, and the Burton Federal Building Pro Se Help Office (*see* Compl. at 4, 7). Section 1136(a)(b)(1)(A)(v), however, simply notes that selection criteria "shall include . . . the previous performance of the recipient regarding homelessness . . . measured by criteria . . . that shall take into account barriers faced by individual homeless people," including "jobs and income growth for homeless individuals and families." As with Section 2801 discussed above, this statute provides no right of action, nor do the facts Mr. Wright alleges demonstrate it has been violated.

Mr. Wright similarly fails to state a claim for breach of fiduciary duty. While the Complaint does aver his reliance on defendants to "select and approve" service providers of adequate quality for receipt of federal support, this does not "cement the fiduciary nature," as he so alleges, of a relationship between Mr. Wright and any defendant or service provider. (Compl. at 12). Further, his allegations that defendants breached such fiduciary duties and were the proximate cause of his

5

alleged injuries are threadbare and conclusory. The Complaint does not, therefore, state a claim that withstands scrutiny under Rule 12(b)(6).

## IV. CONCLUSION

For the aforementioned reasons, defendants' motion to dismiss prevails. Leave to amend must be granted in the dismissal of a complaint, however, unless it is clear that the complaint's deficiencies cannot be cured by amendment. *Lucas v. Dep't of Corporations*, 66 F.3d 245, 248 (9th Cir. 1995). In addition, "[a] document filed *pro se* is 'to be liberally construed,' and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), *quoting Estelle v. Gamble*, 429 U.S. 97, 106 (1976). Mr. Wright's Complaint is therefore dismissed with leave to amend. Should Mr. Wright elect to amend his pleadings, he must lodge an amended complaint within thirty (30) days from the date of this order.

IT IS SO ORDERED.

Dated: 9/2/14

RICHARD SEEBORG
UNITED STATES DISTRICT JUDGE