UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

FRANKLIN H. WRIGHT,

    Plaintiff,

    v.

UNITED STATES INTERAGENCY COUNCIL ON HOMELESSNESS, et al.,

    Defendants.

Case No. 14-cv-00353-RS

**ORDER DISMISSING ENTITIES NEWLY NAMED AS DEFENDANTS IN FIRST AMENDED COMPLAINT AND DENYING PLAINTIFF'S MOTION REQUESTING U.S.M.S. SERVICE OF PROCESS**

*Pro se* plaintiff Mr. Franklin H. Wright moves, pursuant to Federal Rule of Civil Procedure 4(c)(3), that this Court order service of process by the U.S. Marshal Service on entities he has newly named as defendants[1] in his First Amended Complaint ("FAC"), filed on September 30, 2014. (ECF No. 56.) The Court dismissed his initial complaint for failure both to demonstrate valid grounds for subject matter jurisdiction and to state a claim. (ECF No. 49.) The FAC, however, names a roster of new defendants against whom Mr. Wright states numerous allegations based on new theories wholly unrelated to those presented in his initial complaint.

Rule 4(c)(3) dictates that ordinarily, the Court "must" order service of process by the U.S. Marshal Service upon the request of a party authorized to proceed *in forma pauperis* under 28

---

[1] These entities, as named in the FAC, are as follows: Hughes Socol Piers Resnick and Dym, LTD; Breen, Pugh and Assoc.; University of Chicago; Mr. Fred Alvarez; Mr. Edward A. Snyder; Wilson, Sonsini, Goodrich, and Rosati, P.C.; Jeffrey A. Whitehead, U.S. Dept. of Justice; Haven of Rest Ministries, Inc.; Stanford University; Marriot International, Inc.; Host Hotels and Resorts, Inc.; City and County of San Francisco; San Francisco General Hospital; Bay Area Legal Aid; the San Francisco Bar Association; the Homeless Advocacy Project; Project Homeless Connect, Inc.; Episcopal Community Services of San Francisco; St. Anthony Foundation; Mayor Edwin Lee; and the President of the United States. The FAC also names "U.S. Interagency Council on Homelessness, et al.," presumably referring to all defendants named in the initial complaint.

U.S.C. section 1915. Although Mr. Wright did receive this Court's permission to proceed *in forma pauperis* as to his initial complaint, his allegations in the FAC against the newly named entities far exceed the scope of leave to amend granted on dismissal of that complaint. (ECF No. 49.) Nor did Mr. Wright pursue the Court's permission or stipulation from defendants to amend his complaint in this manner, as required by Federal Rule of Civil Procedure 15. When a district court grants leave to amend for a particular purpose, it does not abuse its discretion in dismissing portions of the amended complaint that were not permitted. This rule applies even where the court did not expressly bar amendments other than ones it did allow, and pertains with equal vigor to *pro se* plaintiffs. *See Coppola v. Smith*, 2014 WL 1922400, *6 (E.D. Cal. May 14, 2014); *Raiser v. City of Los Angeles*, 2014 WL 794786, *4 (C.D. Cal. Feb. 26, 2014).

The FAC violates this principle in a number of ways: (1) it adds entirely new legal claims (2) against entirely new defendants (3) based on entirely new factual allegations.[2] It is purely incidental that such allegations are plainly infirm in that they fail to state a cognizable claim, although this secondary hurdle is addressed below. Rather, the salient problem with Mr. Wright's claims against the newly named entities is that he did not obtain leave to make them. In granting leave to amend, this Court extended to Mr. Wright an opportunity to shore up any valid basis for this Court's subject matter jurisdiction and sharpen any cognizable claims; it did not by any means grant him the license he has taken to incorporate a whole set of legal theories and factual allegations that were absent from his initial complaint. Irrespective of their validity, these new claims are beyond the bounds of the action presently before this Court.

Moreover, Mr. Wright's new allegations should be dismissed because they fall short of the standards for a well-pleaded complaint. The Court maintains a continuing duty to dismiss any case in which a party is proceeding *in forma pauperis* if the Court determines that the action (1) is frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks

---

[2] It appears that the FAC attempts to consolidate several unrelated cases in which Mr. Wright is engaged into this action. He is advised, however, that the FAC does not achieve any such consolidation.

monetary relief against a defendant who is immune from such relief. 28 U.S.C. 1915(e)(2). As presently drafted, Mr. Wright's allegations against the newly named entities are without merit in that they fail to set forth a cognizable claim.[3]

Rule 8 of the Federal Rules of Civil Procedure provides that to state a claim, a pleading must contain, among other things, "a short and plain statement of the claim showing that the pleader is entitled to relief." The first part of this requirement—"a short and plain statement of the claim" —cannot be read without reference to the second part —"*showing* that the pleader is entitled to relief." The Supreme Court has made clear that while "showing" an entitlement to relief does not require "detailed factual allegations," it does "demand[] more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Thus, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' [citation.] Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id*.

Here, the FAC's claims against newly named entities all fail to comply with these requirements in at least two ways. First, the FAC as a whole is not a "short and plain" statement, but instead is filled with unnecessary and improper argument and citations. Inclusion of extraneous materials not only violates the spirit and letter of the rules, it also renders it nearly impossible to determine whether any allegations of fact buried within the rhetoric might support a viable claim against at least some defendants. Second, and more importantly, the relatively few non-argumentative or conclusory facts pleaded as to Mr. Wright's interactions with the newly named entities "do not permit the court to infer more than the mere possibility of misconduct." *Iqbal*, 129 S. Ct. at 1950.

---

[3] While courts liberally grant leave to amend where justice so requires, "futile amendments should not be permitted." *Klamath–Lake Pharm. v. Klamath Med. Serv. Bureau*, 701 F.2d 1276, 1292-93 (9th Cir. 1983) (affirming denial of motion for leave to amend where the district court believed that amendment "could not affect the outcome of [the] lawsuit").

Additionally, while it is not possible to discern the precise nature of all the claims Mr. Wright may be intending to assert, it is clear that many of his theories against the newly named entities are simply not viable.  For example, he avers that various named entities breached fiduciary duties owed to him, without pleading facts adequate to establish the existence of any fiduciary relationship.  Thus, even if the newly named entities were properly added as defendants to this action, the Court would be forced, pursuant to its duty under 28 U.S.C. section 1915, to *sua sponte* dismiss Mr. Wright's claims against them.

For these reasons, the portions of the FAC pertaining to newly named entities Hughes Socol Piers Resnick and Dym, LTD; Breen, Pugh and Assoc.; University of Chicago; Mr. Fred Alvarez; Mr. Edward A. Snyder; Wilson, Sonsini, Goodrich, and Rosati, P.C.; Jeffrey A. Whitehead, U.S. Dept. of Justice; Haven of Rest Ministries, Inc.; Stanford University; Marriot International, Inc.; Host Hotels and Resorts, Inc.; City and County of San Francisco; San Francisco General Hospital; Bay Area Legal Aid; the San Francisco Bar Association; the Homeless Advocacy Project; Project Homeless Connect, Inc.; Episcopal Community Services of San Francisco; St. Anthony Foundation; Mayor Edwin Lee; and the President of the United States, are dismissed without leave to amend.  This dismissal is without prejudice, however, affording Mr. Wright the opportunity to pursue any good-faith claims he may have against entities not parties to this action in an appropriate forum.  Accordingly, Mr. Wright's motion for service of process is denied.  Those defendants named in the initial complaint may answer or move to dismiss the remaining portions of the FAC according to the Federal Rules of Civil Procedure.

**IT IS SO ORDERED**.

Dated: October 2, 2014

_____
RICHARD SEEBORG
United States District Judge