UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANKLIN H. WRIGHT,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES INTERAGENCY COUNCIL ON HOMELESSNESS, et al.,<br><br>Defendants. | Case No. 14-cv-00353-RS<br><br>**ORDER DENYING MOTION FOR DECLARATORY RELIEF, DENYING MOTION FOR LIBRARY ACCESS, DENYING MOTION FOR SANCTIONS, AND GRANTING MOTION TO DISMISS** |

In this action brought by *pro se* Plaintiff Franklin H. Wright, Defendants the United States Interagency Council on Homelessness, the United States Social Security Administration, Department of Labor, Department of Education, Department of Health and Human Services, and Department of Justice (collectively referred to as "Defendants") now move to dismiss all of Plaintiff's remaining claims as stated in his First Amended Complaint ("FAC") on the grounds that Plaintiff has once again failed both to demonstrate a valid basis for subject matter jurisdiction and to state a claim.[1]  In addition, Plaintiff moves for declaratory relief, library access, and sanctions.  As per Plaintiff's request (*see* Docket No. 85, Exh. 1), these various motions set for hearing on December 18, 2014 and January 8, 2015 have been consolidated.  They are all furthermore suitable for disposition without oral

---

[1] The Court dismissed Plaintiff's initial complaint with leave to amend on these same grounds.  As Plaintiff's FAC included a host of new and unrelated claims and named a roster of new entities as defendants, the Court then dismissed without prejudice all of the FAC's claims against these newly named entities.  Now remaining for the Court's consideration, therefore, are the FAC's averments against the originally named Defendants.

argument pursuant to Civil Local Rule 7-1(b), and the hearings set for December 18, 2014 and January 8, 2015 are hereby vacated.

### Plaintiff's Motion for "Declaratory Relief"

Plaintiff requests a declaration as to both his employment status and whether he is enrolled as a student. While Plaintiff has apprised the Court of his efforts to communicate with the U.S. Attorney's Office and the University of Chicago, there appears to be no legal basis to issue such a declaration, as no such findings regarding these questions would entitle him to any sort of relief. This motion is therefore denied.

### Plaintiff's Motion for Library Access

Plaintiff requests an order reinstating his access to the U.S. Courts Library for the Northern District of California during normal business hours. This privilege was revoked on April 3, 2014, when Plaintiff received an e-mail with a letter attached from this district's Library Liaison Judge. The letter explained, according to Civil Local Rule 77-7 and the "Rules for the Use of the District Court Library and the Conduct Policy for Visitors," that the Library Liaison Judge and Branch Librarian maintain discretion to revoke access privileges for non-judicial patrons. Due to Plaintiff's "ongoing pattern of disruptive conduct," said the letter, the Library Liaison Judge and Branch Librarian were exercising their discretion to revoke Plaintiff's privileges. It also instructed: "[s]hould you have an information need in a case pending in this Court that requires access to the Library, you may seek a court order reinstating library access to the extent needed to satisfy that need."[2] In addition to requesting reinstatement of his library privileges, Plaintiff alleges that his library access was revoked based on false reports from courthouse personnel. He asks that, in the event his motion to reinstate his library access is denied, he instead be afforded a process to dispute any such reports.

---

[2] Plaintiff did not file a copy of the letter in this matter, but he refers the Court to a copy lodged as an exhibit in a separate case. *See* Docket No. 84, p. 2, citing Letter from United States District Judge William Alsup to Franklin Wright, Apr. 3, 2014, *Wright v. United States et al.*, 3:13-cv-05994, Docket No. 29, Exh. 1.

1    As this Order disposes of Plaintiff's claims, his motion for reinstatement of library access
2    pursuant to the letter's instructions is denied as moot.  In addition, there exists no factual, legal or
3    procedural basis on which other relief could be granted in this action.

**Plaintiff's Motion for Sanctions**

5    Because Plaintiff failed to comply with Federal Rule of Civil Procedure 11's safe harbor
6    provision requiring a party moving for sanctions to serve the opposing party 21 days prior to filing it,
7    his motion may be denied on purely procedural grounds.  Moreover, none of Plaintiff's three alleged
8    bases for his motion substantively support issuing sanctions against Defendants.  First, as Plaintiff's
9    reply acknowledges, Defendants' motion to dismiss was timely filed.  Second, Plaintiff's claims
10   regarding his library access privileges are not linked to this matter and bear no relation to Defendants'
11   wrongdoing as averred in the FAC.

12   Third, Defendants' mere suggestion that Plaintiff ought to be advised of the rules regarding
13   vexatious litigants does not, under the circumstances, rise to an improper, frivolous or abusive request
14   worthy of admonishment under Federal Rule of Civil Procedure 11(b).  Defendants do not raise the
15   allegation that Plaintiff is in fact vexatious; they merely reference Plaintiff's litigation history as a
16   potential basis for a future motion to constrain Plaintiff's privilege to file claims.  Sanctions will
17   therefore not be issued against Defendants.

**Defendants' Motion to Dismiss**

19   Leave to amend was granted specifically to afford Plaintiff an opportunity to supply any valid
20   basis for subject matter jurisdiction and to identify any cognizable claims.  The FAC, however, fails to
21   ameliorate these now-fatal deficiencies, which were treated in considerable detail in the Court's order
22   dismissing Plaintiff's initial complaint.  At 60 pages, the FAC makes little attempt to comport with the
23   letter or spirit of Federal Rule of Civil Procedure 8 requiring a "short and plain statement" of the claim
24   demonstrating the plaintiff's entitlement to relief.  Defendants' motion to dismiss must therefore be
25   granted, and Plaintiff's claims dismissed with prejudice.

26   Indeed, Plaintiff's FAC fails to comply with Federal Rules of Procedure 12(b)(1) and 12(b)(6)
27   in the same manner as did his initial complaint.  Rule 12(b)(1) demands that Plaintiff show a valid

basis for subject matter jurisdiction, particularly in the face of Defendants' sovereign immunity. He yet again demonstrates neither the requisite unequivocal waiver of immunity, *see Baker v. United States,* 817 F.2d 560, 562 (9th Cir. 1987), nor that he has met the pre-litigation administrative claim filing requirements that would permit any claims to proceed under the Federal Tort Claims Act. *See* 28 U.S.C. § 2401.

The strictures of Rule 12(b)(6) likewise require Plaintiff's claims to be dismissed. Plaintiff offers neither a cognizable legal theory nor sufficient facts to support a viable legal claim. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). As in the initial complaint, Plaintiff fails to establish the fiduciary relationships whose alleged breach form the basis for several of his claims. The FAC's sole basis for the remainder of Plaintiff's claims is a reference back to the initial complaint, which was dismissed. *See Lacey v. Maricopa County*, 693 F.3d 896 (9th Cir. 2012) (claims dismissed with leave to amend that are not repleaded in an amended complaint are considered waived). Because Plaintiff's FAC suffers from the same deficiencies as the initial complaint, it must be dismissed with prejudice. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992) (affirming dismissal with prejudice where district court had instructed *pro se* plaintiff regarding deficiencies in prior order dismissing claim with leave to amend).

**IT IS SO ORDERED**.

Dated: December 15, 2014

_____
RICHARD SEEBORG
United States District Judge

CASE NO. 14-cv-00353-RS
4